VIÑAS, PLAINTIFF AND APPELLANT, *v.* GANDÍA & CO. ET AL., DEFENDANTS AND APPELLEES.

APPEAL from the District Court of Arecibo in an Action of Intervention in Ownership of Real Property, and for an Injunction.

No. 1634.—Decided July 28, 1917.

INJUNCTION—INTERVENTION—TITLE—JUDGMENT LIEN.—It appears from the evidence that in an action of debt against a succession the defendants obtained judgment, which was entered in the judgment record and index; that after the entry the plaintiff filed a complaint in debt against the same succession and also obtained judgment in the execution of which several properties were sold and conveyed to him, the marshal informing him of the entry made in favor of the defendants. When the defendant firm undertook to execute its judgment and the sale of the properties was announced, a complaint of intervention in ownership and this petition for an injunction were filed. *Held:* That the plaintiff has no clear title which would warrant the granting of the injunction he seeks, inasmuch as the properties were already encumbered by the judgment lien in favor of the defendants when the plaintiff acquired them and were purchased by him subject thereto, a fact which he knew, not only because he was notified by the marshal, but also and principally because the registry is public and gives notice to everybody, and that he could release the properties only by paying the amount of the lien, as provided by article 71 of the Mortgage Law.

ID.—ID.—JUDGMENT LIEN—RECORD OF JUDGMENT—PREFERENCE.—When a judgment is entered in the judgment record and index in the books of a registry of property in accordance with section 8 of the Act of March 8, 1906, it has the effect of a lien on all the real property of the defendant not exempt from execution within the district where it is recorded and on all property subsequently acquired in the said district, such lien having the scope and preference provided for in subdivision 3 of section 1824 of the Civil Code.

The facts are stated in the opinion.

*Mr. Luis Mercader* for the appellant.

The appellees did not appear.

Mr. Justice Aldrey delivered the opinion of the court.

On January 25, 1916, appellant Manuel Viñas filed a complaint of intervention in ownership of real property in the District Court of Arecibo against the firm of Gandía & Co., together with a petition for an injunction to prohibit the forced sale by the said firm, pending the action of intervention, of certain properties, the sale of which had been announced for January 31, 1916. The petition for the injunction was based on the allegations that he was the owner of the properties; that he was in possession of them and was cultivating them and had invested largely in them; that if the sale were made as advertised a multiplicity of suits would result, and that the injunction prayed for would prevent serious damage and irreparable loss to the petitioner which it would be difficult to estimate.

The court set a day for hearing the parties and temporarily enjoined the sale, rendering later the decision appealed from which denied the petition for an injunction.

From the evidence examined at the hearing on the petition it appears that on November 21, 1912, Gandía & Co. brought an action of debt against Francisco Alonso, later his succession, in the District Court of Arecibo and on January 8, 1914, obtained a favorable judgment which was recorded five days later in the judgment record of the Registry of Property of Arecibo and in the index thereof. An appeal was taken to this court from the said judgment, which was affirmed by us on May 5, 1915. In the meantime and after the judgment had been recorded in the registry of property, or on April 17, 1914, appellant Viñas brought an action of debt in the same court against the debtor of Gandía & Co. and judgment for the plaintiff was rendered on June 2, 1914. In execution of that judgment several rural properties were sold and conveyed to Viñas on August 25, 1914, the marshal

informing him of the judgment recorded in favor of Gandía & Co. When the said firm undertook to execute the judgment in its favor and advertised a sale of the same properties which had been conveyed to Viñas for January 31, 1916, Viñas filed his said petition for an injunction and the complaint in intervention, alleging that he was the owner and in possession of the properties.

Appellees Gandía & Co. demurred to the petition for a temporary injunction, denied that the sale sought to be enjoined could cause a multiplicity of suits or irreparable damages and repeated the allegations of their answer to the complaint in intervention tending to show that the properties in litigation were subject to their recorded judgment and to sale, notwithstanding the conveyance made to Viñas.

In the case of *Trujillo, Mercado & Co.* v. *Rodríguez,* 16 P. R. R. 120, we recognized the principle controlling the granting of injunctions; that is, that in order that the granting of an injunction may be justified it is necessary that the petitioner's right be clear as to the facts and the law governing injunctions, this principle having been recognized by our law in force.

Therefore, the main question to be decided in this case is whether the petitioner's title is clear both in law and in fact.

Appellant Viñas acquired the properties which belonged to the Succession of Alonso after the judgment of Gandía & Co. against the Succession of Alonso had been recorded in the judgment record of the registry of property and its index according to the Act of March 8, 1906, providing for the manner of creating judgment liens on immovable property, section 6 of which prescribes that when a judgment has been recorded in the judgment record of the registry of property it shall at once operate as a lien upon all the immovable property of the defendant, not exempt from execution, situated in the district where such abstract is recorded, and

upon the immovable property which the defendant may thereafter acquire in such district, and such lien shall be of like nature and preference as those mentioned in paragraph 4 of section 1824 of the Civil Code (now paragraph 5 of the same section by virtue of the amendment of 1910). That paragraph and section provide that credits, of which a cautionary notice has been made in the registry of property by virtue of a judicial mandate, by reason of attachments, sequestrations, or execution of judgments, with regard to the property entered therein and only with regard to subsequent credits, shall have preference with regard to certain real property and real rights of the debtor.

When Viñas acquired the properties they were subject to a judgment lien, a fact of which he was aware not only because the marshal notified him of it at the time of the sale, but mainly because the registry is public and gives notice to everybody; therefore he purchased the properties subject to the obligation to respond for the amount specified in the recorded judgment of Gandía & Co.; for, according to article 71 of the Mortgage Law, his acquisition was without prejudice to the rights of Gandía & Co. and he can release the properties only by paying the amount of the encumbrance.

Consequently the appellant not only is without a clear title as against Gandía & Co. and for that reason is not entitled to the relief which he sought and which was denied him by the judgment appealed from, but his right is subordinate to that of the appellee to recover the amount of his judgment out of the property encumbered and acquired later by the appellant.

The decision appealed from should be

*Affirmed.*

Chief Justice Hernández and Justices Wolf, del Toro and Hutchison concurred.